IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIO DIMAS,

        **Plaintiff,**

vs.                                                     No. CIV 03-0966 WDS

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on August 19, 2003. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff's entitlement to a period of disability and of disability insurance had ended. The Court, having considered Plaintiff's Motion [docket # 12] and Defendant's Response [docket # 13], the administrative record and applicable law, finds that Plaintiff's Motion should be **DENIED,** and that this matter should be dismissed with prejudice.

## I.  Background

Plaintiff, who was born on March 30, 1961, worked as a tile setter, warehouse laborer and a mechanic before the onset of his alleged disability. Tr. 155. Plaintiff's alleged onset date was April 25, 1985. Tr. 155. Plaintiff injured his back after falling while setting tile at a construction site. Tr. 393. On December 30, 1990 the Commissioner determined that Plaintiff was entitled to a period of disability commencing February 20, 1985 and to disability insurance benefits. Tr. 154-158. On January 1, 2000 the Plaintiff's benefits were ceased due to medical improvement and benefits were terminated as of March 1, 2000. Tr. 185-188. Plaintiff filed a request for reconsideration on February 28, 2000, Tr. 189. On December 6, 2000 Plaintiff appeared before a hearing officer who

found him to be not disabled. Tr. 209-214. That finding was communicated to Plaintiff via letter dated March 2, 2001. Tr. 204. Plaintiff filed a request for a hearing before an Administrative Law Judge (ALJ). Tr. 215-218.

The hearing before the ALJ was held on August 29, 2002, at which Plaintiff appeared unrepresented. Tr. 29-45. Plaintiff alleged that he was still disabled as a result of continuing back pain with radiation into his legs. Tr. 39, 43, 44. In a decision dated March 11, 2003 the ALJ found that Plaintiff's benefits were properly ceased on January 1, 2000. Tr. 14-18. Plaintiff then filed a request for review with the Appeals Council on March 18, 2003. Tr. 9-10. The Appeals Council denied Plaintiff's request for review on May 13, 2003, Tr. 7-8, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481.

On August 19, 2003, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, [docket # 3 and #7] this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) on February 24, 2004.

## II.  Standard of Review

After a claimant has been awarded disability benefits, the Commissioner is required to review the case periodically to determine whether there has been any medical improvement in the claimant's condition and whether that improvement affects the claimant's ability to work. 20 C.F.R. § 404.1594(a). This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether

the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

An eight-part sequential evaluation process is used in termination reviews. *See* 20 C.F.R. § 404.1594(f)(1)-(8). Step one is a determination whether the claimant is engaged in substantial gainful activity. If so, benefits are terminated. Step two is a determination whether the claimant's impairment or combination of impairments meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listing" or "Listed Impairment"). If so, claimant's disability will be found to continue. Step three is a determination whether there has been "medical improvement" as defined by paragraph (b)(1) of 20 C.F.R. §404.1594. If there is medical improvement, the Commissioner determines at step four whether the improvement is related to the claimant's ability to do work as measured by whether there has been an increase in the residual functional capacity (RFC) of the claimant.

If there has been no medical improvement, or if there has been some improvement but it is not related to claimant's ability to do work, the Commissioner determines whether any of the exceptions in paragraphs (d) and (e) of 20 C.F.R. §404.1594 apply under step five of the analysis. If no

exceptions apply, the claimant's disability continues. If there is medical improvement and it is related to the ability to do work, or one of the exceptions applies, the Commissioner moves to step six of the analysis and determine whether all of the claimants impairments in combination are severe as defined in 20 C.F.R. §404.1521. If the impairments are not severe, the claimant is no longer disabled. If the impairments are severe, there is a step seven analysis of whether the claimant's RFC allows him to do past work. If not, the final step is for the Commissioner to determine whether the claimant's RFC allows him to do other work.

The Commissioner bears the burden of showing medical improvement by establishing that the claimant's medical condition has improved, the improvement is related to the claimant's ability to work, and the claimant is currently able to engage in substantial gainful activity. See *Glenn v. Shalala*, 21 F.3d 983, 987 (10th Cir. 1984)(citing regulations).

### III.  Summary of the ALJ's Decision

At step one of the sequential eight-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 15. The ALJ found at step two that Plaintiff's impairments of degenerative disc disease and herniated disc did not meet any of the Listings. Tr. 15. At steps three and four, the ALJ found that there had been medical improvement in Plaintiff's condition and the improvement was related to his ability to do work. Tr. 15. A finding at step five was unnecessary, and at step six the ALJ concluded that Plaintiff's impairment was severe. Tr. 15. At step seven the ALJ found that Plaintiff retains the RFC to perform light work. Tr. 16. Due to the passing of over fifteen years since Plaintiff had worked, the ALJ found that Plaintiff had no past relevant work to consider. Tr. 16. However, at step eight the ALJ concluded that there are a significant number of jobs in the national economy that Plaintiff can perform. Tr. 16.

Plaintiff has not identified a specific alleged shortcoming in the ALJ's opinion. Since Plaintiff is acting *pro se,* the Court liberally construes his motion. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520-521 (1972)(per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991)("The *Haines* rule applies to all proceedings involving a pro se litigant. . . ."). The gist of Plaintiff's various submissions seems to be that he has not experienced medical improvement, or that there has not been sufficient medical improvement to justify a RFC for light work.

## IV.  Discussion

### A.  Whether the ALJ's Findings Were Supported by Substantial Evidence

Plaintiff is essentially arguing that the ALJ committed error by finding Plaintiff's subjective complaints of continuing pain and disability to be not credible. A two-part inquiry applies in assessing functional limitations that result from pain. First, the ALJ need not even consider the claimant's subjective pain testimony unless the claimant proves by objective medical evidence that he or she has an impairment that could reasonably be expected to produce pain. *Thompson v. Sullivan,* 987 F.2d 1482, 1488 (10th Cir. 1993)(citing *Luna v. Bowen,* 834 F.2d 161, 163 (10th Cir. 1987)). Second, where a claimant has established by objective medical evidence that he has an impairment that could reasonably be expected to produce pain, the ALJ must consider all of the evidence to decide whether he believes the claimant's allegations about the functional limitations that result from the pain. *See* 20 C.F.R. §404.1529; *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995).

The Court finds that the ALJ properly determined at the first step of this process that Plaintiff had two impairments that could reasonably be expected to produce pain: a herniated disc and degenerative disc disease. Thus, the question raised by Plaintiff's appeal is whether there is substantial evidence to support the ALJ's subsequent determination that Plaintiff's testimony about

his functional limitations was not fully credible.

To support his decision, the ALJ noted that medical examinations of the Plaintiff in 1996 (the "comparison point") had revealed that Plaintiff had problems walking on his heels or toes, and had difficulty squatting. Tr 15, 229. He had an abnormal gait, favoring the right leg. Tr. 229. At a consultative examination in 1999, Dr. Khan found that Plaintiff had normal sensation in his right leg and could perform all range of motion movements although he had pain on bending Tr. 233. Dr. Khan found no evidence of spasm in Plaintiff's back, Tr. 233, described Plaintiff's gait as "normal," Tr. 232, and reported that Plaintiff got on and off the examination table and took off his shoes without difficulty. Tr. 232. Dr. Khan's assessment was that Plaintiff could perform work as long as it did not involve lifting more than 20 pounds frequently or involve too much bending. Tr. 233.

A second medical evaluation was performed by Dr. Nillo. Dr. Nillo observed that there was no evidence of atrophy in either of Plaintiff's legs, despite the fact that over fifteen years had passed since the date of injury. Tr. 284. Dr. Nillo observed no gait impairment, Tr. 284, or spasm. Tr. 285. Plaintiff could walk on toes and heels "with encouragement." Tr. 285. Dr. Nillo did find some limitations, which he felt were compatible with a diagnosis of degenerative disease of the lower lumbar spine with possible residual S1 radiculopathy that was resolving. Tr. 285. However, Dr. Nillo also noted that Plaintiff stated that he could do a variety of household chores, but did not move furniture or attempt to lift more than 50 pounds. Tr. 283.

An RFC assessment conducted January 5, 2000 also supports the ALJ's assessment of medical improvement and an RFC capability in line with a "light" work assessment, i.e., lift 20 pounds occasionally, 10 pounds frequently, stand or walk about 6 hours in an 8-hour day, and sit about 6 hours in an 8-hour day with postural shifts. Tr. 236. Again, the Plaintiff was observed to get on and

off the examination table without difficulty, take his shoes off without difficulty, and walk with a normal gait. Tr. 237. The doctor also noted that Plaintiff had not needed recent regular medical attention. Id.

Although there is no record in the file indicating the last time Plaintiff had sought treatment for his back before the issue of disability cessation arose, Plaintiff did renew contact with the VA after his examination by Dr. Khan. Plaintiff consulted with the VA about his back pain on December 17, 1999. Tr. 261. Dr. Taulbee examined Plaintiff on that day, and found that he could heel and toe walk, but had trouble taking off his shoes and had a muscle spasm to the right of the lumbar vertebrae. Tr. 262. Touch sensation was within normal limits, but the right great toe was weak with flexion. Id. Plaintiff was subsequently examined at the VA on February 29, 2000. The report notes that when Plaintiff was originally injured, he was offered surgery, which he declined. Tr. 393. Physical findings were as follows:

> Walks with normal gait and sits and stands with normal posture. The back is without deformity or tenderness. There is no atrophy of the lower limbs. Calf circumference is 38 cm bilaterally. The patellar reflexes are 3+. The left Achilles reflex 2+ and the right Achilles reflex 1+. He walks well on his heels and on his toes. Straight leg raising is positive at 60 degrees on the right."

Tr. 393. The VA further found that Plaintiff's symptoms at that time were not serious enough to warrant consideration for surgery. Tr. 391.

These findings are generally consistent with the consultative examination findings and RFC assessments, and are supportive of the ALJ's conclusion that Plaintiff had improved medically, and was, although not symptom free, able to perform light work. The Court finds that there is substantial evidence to support the ALJ's conclusion that Plaintiff's subjective complaints of totally disabling pain were not fully credible. It is, of course, fully within the discretion of the ALJ to accept all, part,

or none of the testimony of a claimant:

> In making a finding about the credibility of an individual's statements, the adjudicator need not totally accept or totally reject the individual's statements. Based on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible. The adjudicator may also find an individual's statements, such as statements about the extent of functional limitations or restrictions due to pain or other symptoms, to be credible to a certain degree.

- SSR-96-7p. In this case the ALJ did not conclude that Plaintiff suffered no symptoms of back pain. Rather, he found there was substantial evidence to support the conclusion that Plaintiff's symptoms would not prevent him from performing "light" work. Accordingly, the Court finds that Plaintiff's objections to the ALJ's credibility determination are not well taken.

## V.  Conclusion and Summary

There is substantial evidence to support the ALJ's conclusion that Plaintiff had experienced significant, work related medical improvement after the Agency last judged him to be disabled in 1996. Plaintiff had improved to the point where he could perform light work in accordance with the updated RFC. The decision of the ALJ was consistent with regulatory criteria.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket # 12] is **DENIED,** and this matter shall be dismissed with prejudice.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**